# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEPHEN SLEVIN,

      **Plaintiff,**

vs.                                         No. CIV 08-01185 MV/DJS

**BOARD OF COMM. FOR THE COUNTY**
**OF DOÑA ANA et al.,**

      **Defendants.**

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed.R.Civ.P. 16. The parties conferred and submit the following Pretrial Order.

## I. APPEARANCES

Attorneys who will try the action:

    For Plaintiff(s)           Matthew E. Coyte
                                     Coyte Law P.C.
                                     1000 Second Street NW
                                   Albuquerque, NM 87102
                                   (505) 244-3030
                                   Facsimile: (505) 244-1406

    For Defendant(s)        John W. Caldwell
                                   P.O. Box 1405
                                   Fairacres, NM 88033
                                   T: 915.566.8688
                                   F: 888.665.1285
                                   E: john@johnwcaldwell.com

# JURISDICTION AND RELIEF SOUGHT

A. **Subject Matter Jurisdiction.**

    **1. Was this action removed or transferred from another forum? X** No.

    **2. Is subject matter jurisdiction of this Court contested? X**    Uncontested

    **3. Asserted basis for jurisdiction.**

  **X** Federal Question

  Statutory Provision(s) Invoked: **Federal Civil Rights Act; New Mexico Tort Claims Act**

B. **Personal Jurisdiction and Venue.**

    **1. Is personal jurisdiction contested? X** Uncontested

    **2. Is venue contested? X** Uncontested

C. **Are the proper parties before the Court? X** Uncontested

D. **Identify the affirmative relief sought in this action.**

    1. Plaintiff seeks: **Damages for injuries suffered while incarcerated at DACDC including pain and suffering, severe psychological and emotional distress, exacerbation of his mental illness, punitive damages, costs and attorney's fees.**

    2. Defendant seeks: No affirmative relief.

## III. BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

A. **Plaintiff's claims:**

On August 24, 2005 Plaintiff was booked into DACDC on charges of driving while intoxicated and receiving or transferring a stolen vehicle. On entering the facility Plaintiff was

suffering from depression severe enough for Defendants to decide to house him in a padded cell for several days. Plaintiff then spent several weeks in the medical unit of DACDC. On October 12, 2005 the medical department requested Plaintiff be moved to general population but due to Plaintiff's mental illness he was taken to segregation where he remained for the majority of the next eighteen months. On admission to DACDC Plaintiff was a well nourished, physically healthy, adult male with a mental illness. On May 8, 2007, after approximately eighteen months of solitary confinement, Plaintiff was transferred from DACDC to the New Mexico Behavioral Health Institute at Las Vegas (hereinafter "Las Vegas"), for a psychiatric review. On admission to Las Vegas, Plaintiff was malnourished weighing approximately 133lbs, smelled, was disheveled and had an overgrown beard and hair. On admission to Las Vegas, Plaintiff had untreated dental problems and complained of bedsores and a fungus on his skin. Plaintiff was not alert to time or situation, and was unaware he had spent the last eighteen months confined in the county jail. During his stay at Las Vegas, Plaintiff was given mental health care, and was reintroduced to human interaction and socialization. During his stay at Las Vegas, Plaintiff became alert and aware of his situation. On May 22, 2007, after only 14 days of mental health treatment Plaintiff was discharged from Las Vegas and returned to DACDC. On his return to DACDC Plaintiff was once again placed in solitary confinement. Plaintiff's mental health again began to deteriorate. Plaintiff requested medical care, including dental treatment. Plaintiff's mental illness was exacerbated by his removal from contact with human beings. Due to the lack of medical care, Plaintiff was forced to pull his own tooth while in DACDC. The charges against Plaintiff were eventually dismissed. Plaintiff was released on June 25, 2007. Plaintiff spent

twenty-two months incarcerated as a pre-trial detainee, most of the time spent in solitary confinement.

Plaintiff claims he was denied both Substantive and Procedural Due Process under the United States Constitution for his confinement in a solitary cell. Plaintiff claims his conditions of confinement and lack of medical care violated contemporary standards of decency and common concepts of humane incarceration. Plaintiff claims he received no review of his classification to segregation and had no method of challenging his stay in solitary confinement. Plaintiff further claims Defendants deliberately isolated people with mental illness because of their mental disabilities and that he was one such person who suffered from this discrimination. Such conduct amounts to false imprisonment and negligent maintenance of a building under the New Mexico Tort Claims Act and violates the Americans With Disabilities Act.

**B. Defendant's defenses:**

Plaintiff was brought to the DACDC and properly detained pending resolution of criminal charges involving driving under the influence of alcohol and receiving/transferring a stolen vehicle. Plaintiff was screened for medical and mental health conditions at the time of his booking at the DACDC.

Plaintiff's length of pretrial detention was beyond the control of any of the defendants.

Plaintiff had a pre-existing mental illness when he entered the detention center.

For a brief period of time plaintiff was placed in the DACDC medical unit. When it was determined that he no longer required placement in the medical unit, he was cleared for entry into the general population. However, plaintiff did not want to be placed in general population

and was, therefore, placed in administrative segregation.

Defendants did not violate plaintiff's rights to procedural due process, rights against cruel and unusual punishment, or rights under the American with Disabilities Act. Furthermore, defendants' actions were not negligent or done with reckless disregard or deliberate indifference.

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A. Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

- Defendant Board of County Commissioners for the County of Doña Ana, ("Board") is a governmental entity within the State of New Mexico and a "person" under 43 U.S.C. § 1983. At all material times the Board was the employer of the individual defendants.

- Defendant Doña Ana County Detention Center ("DACDC") is the agency responsible for the safe, secure, and humane housing of detainees in Dona Ana County.

- Beginning December 11, 2005, Defendant Chris Barela has been the Director of DACDC.

- From January 27, 2003, to October 27, 2006, Defendant Dan Zemek was the Medical Unit Supervisor in charge of medical services in the DACDC.

- On August 24, 2005, Plaintiff was booked into the DACDC on charges of driving while intoxicated and receiving or transferring a stolen vehicle.

- On October 12, 2005, Plaintiff was housed in Fox 2, an administrative

segregation pod.

- On May 8, 2007, Plaintiff was transferred to New Mexico Behavioral Health Institute in Las Vegas.
- On May 22, 2007, Plaintiff was returned to the DACDC and placed back into administrative segregation pod Fox 2.
- On June 25, 2007, Plaintiff was released from the DACDC.
- Plaintiff was a pre-trial detainee during his stay at the DACDC.
- Plaintiff's charges were dismissed because he had been found incompetent to stand trial.
- Plaintiff had not been placed into segregation for disciplinary reasons.

**B. Contested Material Facts.**

    **1. Plaintiff's Contentions:** When Plaintiff entered DACDC he was a well nourished physically healthy individual suffering from a mental illness associated with depression and alcoholism. During the first months of his stay Plaintiff repeatedly requested the help of the medical department for symptoms related to his mental health. Eventually Plaintiff fell into an overt dissociative delirium. Instead of treating Plaintiff's obvious medical needs Defendants left him in a solitary cell where he did not emerge to shower or exercise for extraordinary periods of time. Plaintiff lost over fifty pounds, developed bedsores and became foul smelling. During his confinement he lost two teeth one of which he pulled from his own mouth. Plaintiff did not receive an administrative review of his confinement conditions despite DACDC policy requiring it. Plaintiff was unable to grieve his classification or appeal his housing status. During the time

Plaintiff was in DACDC Defendants were placed on notice they were violating the rights of mentally ill detainees. Defendants were told mentally ill people in Fox 2 were not receiving adequate mental health care. An attorney even wrote to Defendants and explained they were on notice of being deliberately indifferent to the care of mentally ill people in Fox 2.

Eventually Plaintiff was found incompetent and transferred to New Mexico Behavioral Health where he finally received mental health care. He quickly responded to treatment and became alert and aware of his surroundings. When Plaintiff returned to DACDC some fourteen days later he was again placed into solitary confinement where his mental health again deteriorated. During his time in DACDC Plaintiff was prescribed psychotropic medications without seeing a mental health professional. For a great deal of time the medications were prescribed by an individual who did not evaluate Plaintiff.

As a result of this extended period of isolation and lack of basic medical care Plaintiff suffers from a severe disabling Post Traumatic Stress Disorder.

**2.** Defendant's Contentions:

Plaintiff was not a well nourished, physically healthy individual when he was booked into the DACDC. He was an alcoholic who had been arrested no less than 7 times for driving under the influence.

Plaintiff was screened for medical and mental health issues when he was booked into the DACDC. Shortly after his arrival, he was placed into the DACDC medical unit where he remained until it was determined that he did not need to be in the unit and could be placed into

general population. However, plaintiff did not want to be placed into the general population and was placed into administrative segregation.

Plaintiff's mental illness was not caused by acts or omissions by defendants. At worst, it was exacerbated by the care at the DACDC.

## V.  APPLICABLE LAW

**A. Do the parties agree which law controls the action? X   Yes**

**If yes, identify the applicable law.** The parties stipulate and agree the law governing the case is: 42 U.S.C. § 1983, 42 U.S.C. § 12131 et seq., the New Mexico Tort Claims Act, and the Fifth and Fourteenth Amendments to the United States Constitution.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

**1.** Plaintiff: **Whether Defendants provided the necessary due process of law in housing Plaintiff in segregation.**

**2.** Defendant:  Whether plaintiff was deprived of due process of law in his being housed in administrative segregation at his own request.

## VII.  MOTIONS

**A. Pending Motions (indicate the date filed):**

**1.** Plaintiff: **None.**

**2.** Defendant: None.

**B. Motions which may be filed:**

**1.** Plaintiff: **Motions in Limine, Motion to exclude portions of Defendant's expert's opinion, Trial Brief.**

**2.** Defendants: Motions in Limine, Motion to Recuse, Motion to exclude portions of Plaintiff's expert's opinion, Trial Brief.

The briefing package must be complete and filed with the Court by **July 25, 2011.**

## VIII. DISCOVERY

**A. Has discovery been completed?** Yes, except as indicated in paragraph B below.

**B. Are there any discovery matters of which the Court should be aware?** Defendant's Expert witness has not yet been deposed by Plaintiff. The parties do not expect this to interfere with trial preparations and request the deposition be allowed to take place outside the discovery deadline.

## IX. ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony. This does not, however, apply to a rebuttal witness. Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number. A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A. Plaintiff's Witnesses:**

**1. Plaintiff will call or have available at trial the following witnesses:**

>   Jamie Mitchell
>   c/o Matthew Coyte
>   Coyte Law P.C.
>   1000 Second Street NW
>   Albuquerque, New Mexico  87102.
>   (757) 724-4083

Ms. Mitchell has information regarding the facts alleged in the Compalint, and how the ordeal has affected Mr. Slevin.

>   Dr. Stuart  Grassian
>   c/o Matthew Coyte
>   Coyte Law P.C.
>   1000 Second Street NW
>   Albuquerque, New Mexico  87102.
>   (757) 724-4083

Dr. Grassian will testify consistent with his expert report and opinions relating to plaintiff's confinement.

>   Dan Zemek, Defendant\
>   c/o John W. Caldwell
>   P.O. Box 1405
>   Fairacres, New Mexico 88033-1405

Mr. Zemek may testify to his treatment of Plaintiff Stephen Slevin as well as the facts alleged in the complaint.

>   Paul Bagwell, MD
>   Jennifer Fry, LISW
>   NM Behavioral Health, Las Vegas NM
>   3695 Hot Springs Boulevard
>   Las Vegas, NM 87701

Dr. Bagwell and Ms. Fry have information regarding the facts alleged in the Complaint as well as Plaintiff's physical and mental condition when he was admitted to their facility. *Dr. Bagwell and Ms. Fry will testify live or possibly by deposition.*

> John Richard Stevens
> 3825 Tara Hall Drive
> Jacksonville, FL 32277
> (904) 608-8070

Mr. Stevens may testify to Mr. Slevin's physical and mental condition prior to the incident and how his demeanor has changed since.

> Kim Travers
> 3825 Tara Hall Drive
> Jacksonville, FL 32277
> (915) 608-8070

Mrs. Travers may testify to Mr. Slevin's physical and mental condition prior to the incident and how his demeanor has changed since.

> Cristina Cruz Grost, MD
> PO Box 723
> Santa Teresa, NM 88008
> (915) 532-5811

Dr. Grost may testify to her examination of Mr. Slevin during his incarceration at DACDC as well as the conditions of inmates with mental health conditions within the jail including the condition of Mr. Slevin while there. Dr. Grost may also testify to the general conditions of the jail as well as policies and procedures while she worked there.

> John Slevin
> 208 Hidden Dune Court
> Ponte Vedra Beach, FL 32082
> (904) 823-9449

Mr. John Slevin will testify to Mr. Slevin's physical and mental condition prior to the incident and how his demeanor has changed since.

> John Oates
> Central New Mexico Correctional Facility
> 1525 Morris Road
> Los Lunas, NM 87031-7332
> (505) 865-5012

Mr. Oates will testify regarding the conditions of Dona Ana Detention Center and of

what he remembers of Mr. Slevin's condition while at the jail. *Mr. Oates will testify live or possibly by deposition.*

>Nancy Koenigsberg
>Disability Right New Mexico
>1720 Louisiana Blvd. NE, Suite 204
>Albuquerque, NM 87110
>(505) 256-3100

Ms. Koenigsberg will testify regarding her knowledge of the conditions of Dona Ana County Detention Center and how they treat inmates with mental health conditions.

>Michelle Pickett
>District Attorney's Office
>845 N. Motel Blvd.
>Las Cruces, NM 88007
>(575) 524-6370

Ms. Picket will testify regarding the prosecution/dismissal of Plaintiff's criminal case, as well as the efforts made to have a forensic psychiatric examination of Plaintiff.

>Nancy Madden
>c/o John W. Caldwell
>P.O. Box 1405
>Fairacres, New Mexico 88033-1405

Ms. Madden will testify regarding classification.

**2. Plaintiff may call the following witnesses:**

>Stephen Slevin, Plaintiff
>c/o Matthew Coyte
>Coyte Law P.C.
>1000 Second Street NW
>Albuquerque, New Mexico  87102.
>(505) 244-3030

Mr. Slevin has information regarding his incarceration at Dona Ana Detention Center, as well as the facts alleged in the Complaint, and damages that resulted.

    Cesar A. Ruiz
    14323 Patriot Point Drive
    El Paso, TX 79938
    (915) 269-0077

Mr. Ruiz is the videographer present during the inspection of the Dona Ana County Detention Center jail cell.

    Douglas F. Davis, Ph.D. (Psychologist)
    330 N. Campo Street
    Las Cruces, NM 88001
    (575) 525-8500

Mr. Davis may testify to their examination of Mr. Slevin on October 27, 2006 which determined competency to stand trial.

    Donald Ward, RN
    428 Hermosa Drive
    Chapparal, NM 88081

Mr. Ward may testify to his examination of Mr. Slevin during his incarceration at DACDC as well as the conditions of inmates with mental health conditions within the jail including the condition of Mr. Slevin while there.

    Ernest Flores, MD
    Memorial Medical Center
    2450 Telshor Blvd
    Las Cruces, NM 88011
    (575) 521-2295

Dr. Flores may testify regarding the facts alleged in the Complaint as well as Plaintiff's physical and mental condition when he was admitted to their facility.

    Ann Marie Crucielle
    2417 Tanning Reed Way
    Virginia Beach, VA 23453
    (757) 689-8596

Ms. Crucielle may testify to Mr. Slevin's physical and mental condition prior to the incident and how his demeanor has changed since.

    Yvonne Avalos

  c/o John W. Caldwell
  P.O. Box 1405
  Fairacres, New Mexico 88033-1405

  Ms. Avalos may testify as to conditions of confinement and classification.

  Michelle Vangils
  c/o John W. Caldwell
  P.O. Box 1405
  Fairacres, New Mexico 88033-1405

  Ms. Vangils may testify as to conditions of confinement and classification.

**B. Defendant's Witnesses:**

  **1.** Defendant will call or have available at trial the following witnesses:

  Plaintiff Stephen Slevin
  c/o Attorney Matthew Coyte
  1000 Second Street NW
  Albuquerque, NM 87102.
  505.244.3030

  Mr. Slevin will testify about his background, his mental health, criminal record, conditions of confinement, and alleged injuries and damage.

  Defendant Chris Barela
  c/o Attorney John Caldwell
  P.O. Box 1405
  Fairacres, NM 88033
  915.566.8688

  Mr. Barela will testify about procedures/processes, medical care, staffing, classification, etc. at the DACDC.

  Defendant Dan Zemek
  c/o Attorney John Caldwell
  P.O. Box 1405
  Fairacres, NM 88033
  915.566.8688

  Mr. Zemek will testify about medical processes/procedures and medical

care at the DACDC. He will testify about the care he rendered directly to plaintiff.

Dr. Susan Stone
c/o Attorney John Caldwell
P.O. Box 1405
Fairacres, NM 88033
915.566.8688

Dr. Stone will offer expert opinions on plaintiff's mental health and the care rendered to plaintiff at the DACDC.

**2.** Defendant may call the following witnesses:

Douglas F. Davis, Ph.D. (Psychologist)
330 N. Campo Street
Las Cruces, NM 88001
(575) 525-8500

Mr. Davis may testify about his interaction with of plaintiff while a detainee at the DACDC.

Donald Ward, RN
428 Hermosa Drive
Chapparal, NM 88081

Mr. Ward may testify about his care of Mr. Slevin as a detainee during at the DACDC as well as the conditions/treatment of inmates with mental health conditions within the DACDC.

Yvonne Avalos
c/o John W. Caldwell
P.O. Box 1405
Fairacres, New Mexico 88033-1405

Ms. Avalos may testify as to conditions of confinement and classification.

Michelle Vangils
c/o John W. Caldwell
P.O. Box 1405
Fairacres, New Mexico 88033-1405

Ms. Vangils may testify as to conditions of confinement and classification.

Any witnesses identified by plaintiff in paragraphs A 1 and 2 above.

## X. TRIAL PREPARATION

Please refer to "PreTrial Deadlines Before The Honorable Martha Vázquez" attached to the Trial Notice and "Preparation for Civil Trials Before The Honorable Martha Vázquez" located at http://www.nmcourt.fed.us/web/DCDOCS/Judges/vazquez.html and adhere to the instructions set forth therein.

## XI. OTHER MATTERS

**A. Settlement Possibilities.**

    **1.** The possibility of settlement in this case is considered:

    __X__ Poor  _____ Fair  _____ Good  _____ Excellent  _____ Unknown

    **2.** Do the parties have a settlement conference set with the assigned Magistrate Judge?

    **X** No.

    If a settlement conference has already been held, indicate approximate date. June 10, 2009

    Would a follow-up settlement conference be beneficial? **X** No

    **3.** Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial? If yes, please identify. Defendants believe that mediation may be beneficial. If no, explain why not. Plaintiff states that settlement negotiations have occurred during the past year and that the parties remain too far apart to make settlement likely.

**B. Length of Trial and Trial Setting.**

    **1.** This action is a Jury Trial.

    **2.** The case is set for trial on **August 15, 2011**. If there is no setting, the parties estimate when they will be ready for trial by July 19 2010.

    **3.** The estimated length of trial is 8 day(s).

## XII. EXCEPTIONS

## XIII. MODIFICATIONS-INTERPRETATION

    The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

    The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this _____ day of _____, 19 \_\_\_\_\_.

    COYTE LAW P.C.

    _____
    Matthew E. Coyte
    Attorney for Plaintiff
    1000 Second Street NW
    Albuquerque, NM 87102
    (505) 244-3030


    _____
    John W. Caldwell
    P.O. Box 1405
    Fairacres, NM 88033
    T: 915.566.8688
    F: 888.665.1285
    E: john@johnwcaldwell.com
    Attorney for Defendants

Dated: February 24, 2011

_____
UNITED STATES DISTRICT JUDGE