IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN SLEVIN,

    Plaintiff,

v.                                          No. CIV 08-01185 MV/DJS

BOARD OF COMMISSIONERS FOR THE
COUNTY OF DOÑA ANA, et al.,

    Defendants.

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR BAD ACTS AND CONVICTIONS

    Plaintiff Stephen Slevin, by and through his attorney Matthew E. Coyte, hereby moves the Court for an order in limine excluding from trial any evidence and argument regarding Plaintiff's history of criminal conduct. Plaintiff makes this motion pursuant to Federal Rules of Evidence 104, 402, 403, 404 and 609, and states grounds as follows.

### I. INTRODUCTION

    On August 24, 2005 Plaintiff was booked into Dona Ana County Detention Center (hereinafter "DACDC") on charges of driving while intoxicated and receiving or transferring a stolen vehicle. On admission to DACDC Plaintiff was a well nourished, physically healthy, adult male, who was suffering from depression. On October 12, 2005 the medical department requested that Plaintiff be moved to general population, but due to Plaintiff's mental illness he was taken to segregation where he remained for the majority of the next eighteen months. On May 8, 2007, after approximately eighteen months of solitary confinement, Plaintiff was transferred from DACDC to the New Mexico Behavioral Health Institute in Las Vegas (hereinafter "Las Vegas"), for a psychiatric review. On admission to Las Vegas, Plaintiff was malnourished weighing approximately 133lbs, smelled, was disheveled and had an overgrown beard and hair. Plaintiff also had untreated

dental problems and complained of bedsores and a fungus on his skin. Plaintiff was not alert to time or situation, and was unaware he had spent the last eighteen months confined in the county jail. During his stay at Las Vegas, Plaintiff was given mental health care, and was reintroduced to human interaction and socialization. Plaintiff became alert and aware of his situation. On May 22, 2007, after only 14 days of adequate mental health treatment, Plaintiff was discharged from Las Vegas and returned to DACDC. On his return to DACDC Plaintiff was once again placed in solitary confinement. Plaintiff's mental health again began to deteriorate. Plaintiff requested medical care, including dental treatment. Due to a lack of medical care, Plaintiff was forced to pull his own tooth while in DACDC. The charges against Plaintiff were eventually dismissed and Plaintiff was released on June 25, 2007. Plaintiff spent twenty-two months incarcerated as a pre-trial detainee, most of the time spent in solitary confinement. Plaintiff claims he was denied both Substantive and Procedural Due Process under the United States Constitution for his confinement in a solitary cell. Additionally, Plaintiff claims his conditions of confinement and lack of medical care violated contemporary standards of decency and common concepts of humane incarceration. Plaintiff claims he received no review of his classification to segregation and had no method of challenging his stay in solitary confinement. Plaintiff further claims, Defendants deliberately isolated people with mental illness because of their mental disabilities and that he was one such person who suffered from this discrimination. Plaintiff's complaint alleges such conduct amounts to false imprisonment and negligent maintenance of a building under the New Mexico Tort Claims Act and violates the Americans With Disabilities Act.

**Evidence of Prior Convictions**

During Plaintiff's deposition counsel for Defendants spent some time exploring his criminal history. After this inquiry it became clear Plaintiff's criminal history included felony convictions from more than twenty years ago. Additionally, evidence exists that Plaintiff had been arrested for misdemeanors such as driving while intoxicated. However, no evidence exists of any convictions within the last ten years.

### The Party's Agreement

Prior to filing this Motion, Plaintiff requested if Defendants intended to introduce evidence of Plaintiff's arrests or convictions. Defendants have agreed, due to the age of the criminal history the evidence would not be admissible under Fed. R. Evid. 609(b) and therefore would not seek to introduce the evidence for impeachment purposes. Defendants did however suggest the evidence may be used on the issue of damages if Plaintiff opened the door in some fashion.

### Analysis

Under the plain language of the rule, Plaintiff's convictions are inadmissible as they are older than ten years. Fed. R. Evid. 609(b). Defendants have agreed to this analysis and expressed an intention to avoid such evidence for impeachment purposes. Therefore Plaintiff requests the Court instruct Defendants and their witnesses to avoid the subject of Plaintiff's criminal history.

Defendants have however, suggested a situation may occur during the trial where the Plaintiff in some way opens the door to the admissibility of his prior criminal history. It should be noted, Plaintiff does not seek to exclude the fact he was arrested for suspicion of driving while intoxicated and possession of a stolen vehicle, and that these charges were the reason he was being held in DACDC. This evidence is almost certainly going to be part of the presentation and is not the type of evidence Plaintiff believes will "open the door."

Although the Court cannot anticipate what other evidence Plaintiff will present, and therefore what evidence will potentially "open the door," Plaintiff requests the Court to instruct Defendants to obtain permission from the Court prior to introducing any testimony related to his criminal history.

## CONCLUSION

The parties have agreed Plaintiff's criminal history is inadmissible for impeachment purposes. If Defendants believe evidence of Plaintiff's criminal history becomes admissible due to Plaintiff "opening the door," then Defendants should ask leave of the Court prior to the introduction of such evidence.

Respectfully submitted:

COYTE LAW PC

          /s/ Matthew E. Coyte
Matthew E. Coyte
Attorney for Plaintiff
1000 Second Street NW
Albuquerque, NM 87102
(505) 244-3030

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of December, 2011, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means:

John W. Caldwell
john@johncaldwell.com


          /s/Matthew E. Coyte
Matthew E. Coyte