IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN SLEVIN,

    Plaintiff,

v.                                          No. CIV 08-01185 MV/SMV

BOARD OF COMMISSIONERS FOR THE
COUNTY OF DOÑA ANA, et al.,

    Defendants.

## TRIAL BRIEF

Defendants Doña Ana Couty, Doña Ana County Detention Center, Christopher Barela, and Daniel Zemek, by and through their counsel of record, file their trial brief describing their response to plaintiff's claims and the anticipated evidence to support their response.

### A. Procedural Due Process

When the plaintiff was processed through booking at the Doña Ana County Detention Center (DACDC), he was processed for entry into the general population. Shortly thereafter, he was placed in the medical unit for observation out of concern for self-harm. When medical staff determined that the concern for self-harm no longer existed, they directed that plaintiff be returned to general population. Plaintiff indicated that he did not wish to return to general population and was placed in administrative segregation, not solitary confinement. At no time during plaintiff's detention at DACDC, did plaintiff make known that he wanted to be moved back into general population.

### B. Conditions of Confinement and Medical Care

Defendants agree that the DACDC struggled to provide adequate medical and mental health care during the time of plaintiff's detention. However, defendants disagree that any failure to provide adequate medical and mental health care was out of deliberate indifference. The evidence will show that defendant Barela was constantly making efforts to improve the medical and mental health care at the DACDC. The evidence will show that defendant Zemek provided the best level of medical and mental health care that he could with the staff that he was provided by DACDC.

Defendant's expert will testify that while plaintiff did not receive adequate mental health care while at the DACDC, it was not due to deliberate indifference.

As for "inhumane conditions," there is no evidence that the DACDC did not provide adequate and sanitary living conditions, including adequate nutrition, for plaintiff.

### C. Americans With Disability Act

Detainees, who were placed in administrative segregation, were placed there either for protection, violence, level of criminal charges, general nature of comportment, or preference. The DACDC had no policy or practice of placing detainees in administrative segregation merely because they suffered from mental illness.

### D. Municipal Liability

For a county to be liable under the theory of municipal liability, evidence must exist that the county had a policy or custom that caused the act or omission creating liability. No such evidence has been developed in this case.

### E. Issues

While the question of adequate mental health care may not be a contested issue, defendants will contest whether any act or omission by them constituted deliberate indifference or entitles plaintiff to an award of punitive damages. Defendants will also contest whether plaintiff suffers a life-long illness as a result of any act or omission by them in providing care.

Respectfully submitted,

/s/ John W. Caldwell
John W. Caldwell
P.O. Box 1405
Fairacres, New Mexico 88033-1405
T: 575.647.7225
F: 800.665.1285

Attorney for Defendants

### Certificate of Service

I certify that a copy of defendants' trial brief was electronically served through the CM/EMF notice system on January 10, 2012, on the following persons/entities:

Matthew Coyte
Coyte Law P.C.
1000 Second Street, N.W.
Albuquerque, New Mexico 87102

Attorney for Plaintiff

/s/ John W. Caldwell
John W. Caldwell