IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN SLEVIN,

    Plaintiff,

v.                                                                             08-cv-1185 MV/

BOARD OF COUNTY COMMISIONERS
FOR THE COUNTY OF DONA ANA;
THE DONA ANA COUNTY DETENTION CENTER,
CHRISTOPHER BARELA,
JOHN DOES 1-3,

    Defendants.

**DEFENDANTS' BRIEF IN SUPPORT OF THE ADMISSIBILITY OF EFFORTS MADE TO STAFF THE DETENTION CENTER AND PROVIDE ADEQUATE HEALTHCARE TO INDIVIDUALS IN THEIR CARE**

    Defendants, by and through their counsel of record, John W. Caldwell, submit this Brief in Support of the Admissibility of Efforts Made to Staff the Detention Center and Provide Healthcare to Individuals in their Care.

**FACTS**

    Defendants seek to have witnesses Nancy Koenigsburg and Defendant Barela testify about the efforts of Defendants from December 2006 through the present to improve the medical and mental health care of detainees, including detention officer staffing.

    This evidence will include the increase of wages and benefits for detention officers, the increase of wages and benefits for members of the medical unit, the attempts to recruit and hire detention center officers and health care providers, the retaining of a temporary employment agency to secure health care providers, multiple increases in the operating budget of the detention center, and the issuing and award of a request for proposals for the provision of medical and mental health care. It will also include a description of the improved medical and

mental health services being provided by the private entity with whom the county contracted under the request for proposals, namely the increase in medical staff. It will include the specialized training of Defendant's detention center officers in crisis intervention. It will also include the creation of mental health units, the addition of more recreational yards, and the building and operation of a Crisis Triage Center to divert the mentally ill from the jail system where possible.

The testimony of these witnesses may also include the negotiations, agreement, and implementation of the settlement agreement reached in the *Bravo* litigation, a lawsuit brought against Doña Ana County by Protection & Advocacy and the American Civil Liberties Union on behalf of 13 named plaintiffs.

## POINTS AND AUTHORITIES

In the present action the Plaintiff has brought a claim for punitive damages. Punitive damages can be awarded under section 1983 only if official conduct is "motivated by evil intent" or demonstrates "reckless or callous indifference" to constitutional rights. **Smith v. Wade**, 461 U.S. 30, 103 S. Ct. 1625, 1640, 75 L. Ed. 2d 632 (1983). The purpose of granting punitive damages under section 1983 is to deter future egregious conduct that violates constitutional rights. **Creamer v. Porter**, 754 F.2d 1311, 1319 (5th Cir. 1985). The focus must be on whether the defendant's actions call for "'deterrence and punishment over and above that provided by compensatory awards.'" **Jolivet v. Deland**, 966 F.2d 573, 577 (10th Cir. 1992), **citing Smith v. Wade**, 461 U.S. 30, 54, 75 L. Ed. 2d 632, 103 S. Ct. 1625 (1983)). "Punitive damages serve a broader function [than compensatory damages]; they are aimed at deterrence and retribution." **State Farm Mut. Auto. Ins. Co. v. Campbell**, 538 U.S. 408, 155 L. Ed. 2d 585, 123 S. Ct. 1513, 1519 (2003).

Throughout the Plaintiff's confinement, and continuing to the present, the Defendants have made efforts to improve upon the healthcare and mental healthcare of individuals in their care. The testimony that will be elicited from both Nancy Koenigsberg and Defendant Barela in this regard will establish that the Defendants had no evil intent. Instead, the individually named Defendants have been diligently attempting to provide individuals' in their care with improved services in this regard. These efforts have ultimately come to fruition when the Dona Ana County contracted with Prison Health Services (now Corizon) to provide medical and mental health services to individuals in their care. Under these circumstances, and award of punitive damages, and/or and instruction regarding punitive damages is inappropriate.

The Fifth Circuit has addressed this very issue in ***Thompkins v. Belt***, 828 F.2d 298 (5th Cir. 1987). In ***Thompkins***, George Thompkins brought this suit under 42 U.S.C. § 1983 claiming that his Eighth Amendment rights were violated because he was denied access to medical treatment for a back injury he suffered while he was incarcerated in a Louisiana parish jail. ***Id***. Thompkins was awarded compensatory damages in a bench trial, but the Court declined the Thompkins request for punitive damages. The district court's findings in this regard state: "The defendant should have provided regular, on-the-premises medical examination and evaluation procedures or speedy access thereto. The sheriff's office does now provide that professionalism. . . . In other words, the ill has been cured. Punitive damages are not necessary." ***Thompkins***, 828 F.2d at 302. On appeal, the Fifth Circuit affirmed the District Court's decision in this regard and stated that "[a]lthough the district court found "deliberate indifference to serious medical needs," it denied punitive damages because it found that the remedial measures required were in effect by the time of trial through changed inmate medical care policies." ***Id***. The same is true in the

present case. The Defendants have changes and improved the medical care provided to individuals in their care. Thus, an instruction or an award of punitive damages is inappropriate.

Moreover, the proffered evidence of the Defendants' efforts to improve the medical care of individuals in their care is in accord with the Federal Rules of Evidence. Evidentiary rulings "generally are committed to the very broad discretion of the trial judge, and they may constitute an abuse of discretion only if based on an erroneous conclusion of law, a clearly erroneous finding of fact or a manifest error in judgment." **Webb v. ABF Freight Sys., Inc.**, 155 F.3d 1230, 1246 (10th Cir. 1998). Rule 407 only prohibits the admission of evidence of subsequent remedial measures for the purposes of "negligence, culpable conduct, a defect in a product, or a need for a warning or instruction." Fed. R. Evid. 407. The rule permits the evidence's admission for other purposes, such as demonstrating the defendant's control or the feasibility of design changes or safeguards. The Advisory Committee Notes explain that the primary justification for rule 407 is the "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407, Advisory Committee Note (1972). The rule also seeks to ensure that negligence is properly determined "according to what the defendant knew or should have known prior to the accident, not what the defendant knew as a result of the accident."

In the present case, the Defendants are not seeking to submit information learned after this litigation was filed. Instead, the Defendants seek to introduce evidence of efforts made by them to improve the conditions for the individuals in their care over time. In addition, such efforts were made through the Defendants' contact with third parties, not the Plaintiff. This evidence is relevant to the issue of their purported "evil intent" and will negate the Plaintiff's

ability to seek punitive damages in this matter.  Thus, the Defendants will be unfairly prejudiced if they are not permitted to present this evidence to the jury.

Fed.R.Evid. 408 is equally inapplicable to the present case.  Rule 408 bars settlements or offers to settle in order "to prove liability for, invalidity of, or amount of a claim." Fed. R. Evid. 408(a). The rule does not apply if the evidence is offered for another purpose. *See id*. at 408(b). Here, the Defendants seek to introduce their settlement discussions and the resolution of claims brought by third parties to evidence the efforts the Defendants have taken to improve the healthcare of individuals in their care.  Such evidence is relevant and comports with the express terms of Fed.R.Evid. 408.  As such, the Defendants must be permitted to present evidence of all efforts made by them to improve the healthcare of individuals in their care, up to the present time, in order to negate the Plaintiff's claim for punitive damages.

## CONCLUSION

In order to establish their claims for punitive damages the Plaintiff must establish that the individually named Defendants acted with evil intent.  Evidence that the Defendants have been diligently trying to improve the conditions of the individuals in their care is relevant to disprove the Plaintiff's allegations in this regard.  Consequently, the Defendants request that they be permitted to introduce evidence regarding all efforts made by them to improve the healthcare of individuals in their care, up to and including the present day, so that they can adequately defend against the Plaintiff's request for punitive damages.  The Defendants will be unfairly prejudiced if they are not permitted to present this evidence to the jury.

Respectfully submitted,

/s/ John W. Caldwell
John W. Caldwell
P.O. Box 1405
Fairacres, New Mexico 88033-1405
T: 575.647.7225
F: 800.665.1285

Attorney for Defendants

**Certificate of Service**

   I certify that a copy of defendants' brief was electronically served through the CM/EMF notice system on January 20, 2012, on the following persons/entities:

Matthew Coyte
Coyte Law P.C.
1000 Second Street, N.W.
Albuquerque, New Mexico 87102

Attorney for Plaintiff

/s/ John W. Caldwell
John W. Caldwell