IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN SLEVIN,

Plaintiff,

v. No. CIV 08-01185 MV/DJS

BOARD OF COMMISSIONERS FOR THE
COUNTY OF DOÑA ANA, et al.,

Defendants.

**MOTION IN LIMINE**

Comes now Plaintiff by and through Counsel, Matthew Coyte and Jack Bennett Jacks, and hereby requests the court exclude certain evidence Defendants intend to introduce at trial. This brief is being filed during trial after several witnesses have testified.

**INTRODUCTION**

Evidence has been introduced by Plaintiff of letters written by Nancy Koinsberg of the non profit group Protection and Advocacy relating to the conditions of confinement of the mentally ill in the Dona Ana County Detention Center in 2005 and 2006. Prior to calling Ms. Koinsberg to the stand Plaintiff learned from Defense counsel the Defendants intended to solicit testimony from Ms. Koinsberg concerning past and present remedial measures in the jail. This evidence falls into two distinct time zones. The first concerns the time frame when Mr. Slevin was in the jail. The second deals with measures taken after a lawsuit was filed by Protection and Advocacy in December of 2007, and dates as recently as one week ago. Defendants have argued the evidence is admissible on the subject of punitive damages.

## ARGUMENT

Plaintiff agrees evidence of attempts to remediate the problems of the treatment of Mr. Slevin or the mentally ill inmates in Fox 2 while Mr. Slevin was there is admissible. Plaintiff's concern lies with evidence of remedial measures which occurred after Mr. Slevin left and which were induced as a result of litigation. Plaintiff is further concerned with evidence which has been ongoing after discovery in this case ceased. Even if such evidence were relevant Plaintiff has no way of testing its truth or veracity.

Defendants argued the evidence was relevant to punitive damages. For such an argument to work the evidence must relate to what remedial measures the individual capacity defendants made. Punitive damages are not awarded against governments, and so any evidence the county sent requests for proposals, or increased budgets or placed advertisements in newspapers would not be relevant to a punitive damage claim unless the individual defendant initiated the action. This is doubly true for Defendant Zemek who has testified he left the facility in October 2006 and so cannot have taken part in any remedial action after that date.

Plaintiff has been unable at this time to find any Tenth Circuit law directly addressing the issue in this context but does direct the Court to *O'Gilvie v. International Playtex Inc.,* 821 F.2d 1438 (10th Cir. 1987), in which it was held impermissible for a trial court to reduce a punitive damages award based on conduct by the defendant after trial. Additionally the Ninth circuit discussed the issue in length in an employment discrimination context. *Swinton v. Potomac Corp.,* 270 F.3d 794 (9th Cir. 2001). The court stressed that the trial court has the discretion under traditional relevancy principles to admit or exclude evidence of remediation. The court noted that the timing and nature of the remedial action are important inquires in making such a

determination. ("Consider the situation where the plaintiff quits based on a constructive discharge, files a §1981 suit (or an EEOC complaint) the next day, and then seeks to bar any evidence of post-complaint investigation and follow-up. If a court were to exclude all post-complaint remediation evidence, the employer might well be denied the Ellerth/Faragher defense and the opportunity to demonstrate good faith as an argument against punitive damages. In contrast, if the plaintiff files an EEOC complaint, then waits until the last possible day to a file a lawsuit, and only then does the employer take any remedial action, the circumstances may well be different. The point is that the timing and nature of remedial action are case-specific and will not always fit in a neat box")

Therefore Plaintiff requests the Court to use its discretion to limit any testimony of remedial measures to those relevant to the punitive damage claims against the individual defendants only. Plaintiff further requests the Court limit the testimony to a time at or near to the period when he was housed in DACDC.

Respectfully submitted,

Coyte Law P.C.

/s/ Matthew E. Coyte
Matthew E. Coyte
1000 Second Street NW
Albuquerque, NM 87102
(505) 244-3030

-AND-

/s/ Jack Bennett Jacks
Jack Bennett Jacks
1000 Second Street NW
Albuquerque, NM 87102
(505) 463-1021

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January, 2012 I filed the foregoing document in the CM/ECF System which caused the following Counsel to be served by electronic means.

John Caldwell
john@johnwcaldwell.com

/s/ Matthew E. Coyte — 1/20/12
Matthew E. Coyte — Date