IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN SLEVIN,

     Plaintiff,

v.                             No. CIV 08-01185 MV/DJS

BOARD OF COMMISSIONERS FOR THE
COUNTY OF DOÑA ANA, et al.,

     Defendants.

## JURY INSTRUCTIONS

# FILED

UNITED STATES DISTRICT COURT
SANTA FE, NEW MEXICO

JAN 2 4 2012

MATTHEW J. DYKMAN
CLERK

## INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.

## INSTRUCTION NO. 2

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including pretrial detainees, prison employees, prison officials and county officials, stand equal before the law, and are to be dealt with as equals in a court of justice.

## INSTRUCTION NO. 3

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of any witnesses; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated.

The production of evidence in court is governed by rules of law. From time to time it has been my duty, as judge, to rule on the evidence. You must not concern yourselves with the reasons for these rulings. You should not consider what would or would not have been the answers to the questions which the court ruled could not be answered.

**INSTRUCTION NO. 4**

In this case, Plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for Defendant as to that claim.

**INSTRUCTION NO. 5**

In this trial, Plaintiff Stephen Slevin claims that Defendants Christopher Barela and Daniel Zemek are liable for violating his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution by: (1) subjecting him to inhumane conditions of confinement; (2) failing to provide adequate medical care; and (3) keeping him in administrative segregation without periodic reviews.

Plaintiff further claims that Defendant Board of Commissioners for the County of Doña Ana is liable for the unconstitutional conduct of Defendants Barela and Zemek, on the basis that Defendants Barela and Zemek were acting pursuant to an official policy, practice or custom of Doña Ana County.

In addition, Plaintiff claims that Defendant Barela is liable for violating his rights under the Americans With Disabilities Act ("ADA"), by excluding Plaintiff, because of his mental illness, from participating in the benefits available to individuals in the general population at the Doña Ana County Detention Center.

Finally, Plaintiff claims that the Doña Ana County Detention Center is liable for: (1) falsely imprisoning Plaintiff by keeping him in administrative segregation; and (2) negligently operating or maintaining the facility by isolating individuals with mental illness, thereby creating a dangerous condition for those individuals.

-5-

Defendants deny all of Plaintiff's claims.

## INSTRUCTION NO. 6

Plaintiff brings his constitutional claims against Defendants Barela and Zemek under the federal statute, 42 U.S.C. Section 1983. Section 1983 provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

The parties have stipulated that Defendants Barela and Zemek acted under color of law at all times material to this case. You must accept this fact as proven.

**INSTRUCTION NO. 7**

Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, detention center officials must provide humane conditions of confinement by ensuring pretrial detainees receive the basic necessities of adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the pretrial detainees' safety. Plaintiff claims that Defendants Barela and Zemek violated his constitutional right to humane conditions of confinement by placing him and keeping him in administrative segregation for a prolonged period of time without proper medical care, and without access to the benefits available to the general detention center population.

In order to prevail on this claim as to either or both Defendants Barela and Zemek, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)     Plaintiff was held under conditions posing a substantial risk of serious harm;

(2)     Defendant was deliberately indifferent to that substantial risk of serious harm; and

(3)     The acts of Defendant were the proximate cause of Plaintiff's injury.

With regard to the first prong of the test, keep in mind that jail need not be comfortable, and that jail conditions may be restrictive and even harsh without violating constitutional rights. Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently serious to form the basis of a Fourteenth Amendment violation. Whether the alleged deprivation is sufficiently serious turns both on the severity of the alleged deprivation, and the duration of the alleged deprivation. The test is an objective one, and in applying it, you should be guided by society's contemporary standards of decency. What you must decide, then, is whether, under the circumstances, the conditions of confinement about which Plaintiff complains

-8-

deprived him of the minimal civilized measure of life's necessities.  When a claim involves numerous alleged inhumane conditions, keep in mind that some conditions of confinement may establish a constitutional violation in combination, when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.  However, nothing so amorphous as "overall conditions" can rise to the level of a constitutional violation when no specific deprivation of a single human need exists.

With regard to the second prong of the test, a detention center official must have a sufficiently culpable state of mind.  The required state of mind is one of "deliberate indifference."  An official acts with "deliberate indifference" when he knows of and disregards an excessive risk to inmate health or safety.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  It is not enough to establish that the official should have known of the risk of harm.  On the other hand, deliberate indifference does not require a finding of express intent to harm.  Plaintiff need not show that an official acted or failed to act believing that harm actually would befall a pretrial detainee; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.  This level of intent can be demonstrated through circumstantial evidence, and you may conclude that a detention center official knew of a substantial risk from the very fact that the risk was obvious.

With regard to the third prong of the test, "proximate cause" is defined in Instruction No. 14.

## INSTRUCTION NO. 8

Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, detention center officials must provide humane conditions of confinement by, among other things, ensuring pretrial detainees receive adequate medical attention. Plaintiff claims that Defendants Barela and Zemek violated his constitutional right to receive adequate medical attention by failing to respond to Plaintiff's requests for treatment, prescribing psychotropic medications without seeing Plaintiff, and failing to attend to Plaintiff's obvious mental, physical and dental problems.

In order to prevail on this claim as to either or both Defendants Barela and Zemek, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)     Plaintiff faced a serious medical need;

(2)     Defendant was deliberately indifferent to that serious medical need; and

(3)     The acts of Defendant were the proximate cause of Plaintiff's injury.

With regard to the first prong of the test, a medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. You may find that a delay in meeting a serious medical need is a violation if Plaintiff shows that the delay resulted in "substantial harm." The substantial harm requirement may be satisfied by evidence of lifelong handicap, permanent loss, or considerable pain.

-10-

With regard to the second prong of the test, the required state of mind is one of deliberate indifference, as defined in the preceding instruction. Accordingly, Plaintiff must show that the detention center official was deliberately indifferent to his serious medical needs.

With regard to the third prong of the test, "proximate cause" is defined in Instruction No. 14.

## INSTRUCTION NO. 9

The Due Process Clause of the Fourteenth Amendment of the Unites States Constitution protects the individual against arbitrary action of government, and prevents the state from depriving any person of life, liberty, or property, without due process of law.   Plaintiff claims that Defendants Barela and Zemek deprived him of a liberty interest without due process of law, thereby violating his constitutional right to procedural due process, by placing and keeping him in administrative segregation without any form of periodic review.

In order to prevail on this claim as to either or both Defendants Barela and Zemek, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)   Plaintiff had a protected liberty interest that was deprived by Defendant;

(2)   The procedures accompanying that deprivation were insufficient; and

(3)   The acts of Defendant were the proximate cause of Plaintiff's injury.

With regard to the first prong of the test, to establish the existence of a protected liberty interest, Plaintiff must show that his incarceration in administrative segregation constituted an atypical and significant hardship on him in relation to the ordinary incidents of life in jail.   In determining whether Plaintiff has met his burden, you may consider the following factors:

(1) whether Plaintiff's segregation related to and furthered a legitimate penological interest, such as safety or rehabilitation;

(2) whether the conditions of Plaintiff's placement were extreme;

(3) whether the placement increased the duration of Plaintiff's confinement; and

(4) whether the placement was indeterminate.

Keep in mind that these are just factors for you to consider. No one factor is determinative of the issue of whether Plaintiff had a protected liberty interest, and you may still find that Plaintiff has met his burden even if one or more of these factors is not found. As you consider these factors, be mindful of the primary management role of detention center officials, whose decisions should not be second-guessed at trial.

With regard to the second prong of the test, detention center officials are required to engage in some sort of periodic review of the confinement of pretrial detainees in administrative segregation. The review must be meaningful; it cannot be a sham or a pretext. A meaningful review is one that evaluates the detainee's current circumstances and future prospects, and, considering the reasons for his confinement to segregation, determines, without preconception, whether that placement remains warranted. On the other hand, a meaningful review does not require giving the detainee an opportunity to submit testimony or evidence, and need not be extensive. Accordingly, Plaintiff has the burden of establishing that Defendant failed to engage in a meaningful periodic review, as defined here, in connection with Plaintiff's confinement in administrative segregation.

With regard to the third prong of the test, "proximate cause" is defined in Instruction No. 14.

-13-

## INSTRUCTION NO. 10

A local governing body may be held liable under Section 1983 for constitutional violations committed by officials or employees of that governing body. Plaintiff claims that Defendant Board of Commissioners for the County of Doña Ana, as the local governing body, is liable for the constitutional violations allegedly committed by its officials and employees, Defendants Barela and Zemek.

In order to prevail on his Section 1983 claim against Defendant Board of Commissioners for the County of Doña Ana, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)   Defendant Barela and/or Defendant Zemek acted under color of law;

(2)   The acts of Defendant Barela and/or Defendant Zemek deprived Plaintiff of his constitutional rights to humane conditions of confinement, adequate medical attention, and/or due process of law, as explained in Instruction Nos. 7 through 9; and

(3)   Defendant Barela and/or Defendant Zemek acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant Board of Commissioners for the County of Doña Ana.

With regard to the first prong of the test, as explained in Instruction No. 6, the parties have stipulated that Defendants Barela and Zemek acted under color of law at all times material to this case. You must accept this fact as proven.

With regard to the second prong of the test, please refer to Instruction Nos. 7 through 9.

-14-

With regard to the third prong of the test, in order to impose governmental liability on the Board of Commissioners for the County of Doña Ana, you must find that the injury inflicted by Defendants Barela and/or Zemek was a result of the execution of policy or custom of the Board of Commissioners for the County of Doña Ana, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. Under New Mexico law, common jails are under the control of jail administrators hired by the board of county commissioners. Here, the Board of Commissioners for the County of Doña Ana hired Defendant Barela as Administrator of the Doña Ana County Detention Center. Accordingly, Defendant Barela's official conduct and decisions should be considered those of one whose edicts or acts may fairly be said to represent official policy for which the County may be held responsible.

## INSTRUCTION NO. 11

Under Title II of the ADA, pretrial detainees are protected from discrimination on the basis of a disability, and may not be excluded from participation in or be denied the benefits of the services, programs, or activities of a detention center by reason of a disability. Plaintiff claims that Defendant Barela, by reason of a disability, namely, Plaintiff's mental illness, excluded Plaintiff from participation in and denied him the benefits of the rehabilitative services available to the general population of the Doña Ana County Detention Center, thereby violating his rights under the ADA.

In order to prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)     Plaintiff is a qualified individual with a disability;

(2)     Plaintiff was excluded from participation in or denied the benefits of the services, programs, or activities of the Doña Ana County Detention Center; and

(3)     Such exclusion, denial of benefits, or discrimination was by reason of a disability.

With regard to the first prong of the test, Plaintiff must first establish that he is a "qualified individual." A qualified individual is any individual with a disability who, with or without a reasonable accommodation, has the physical and mental capacity to participate in the program or activity in question. Next, Plaintiff must establish that his mental illness is a disability. A "disability" is a physical or mental impairment that substantially limits one or more of the major life activities of an individual. In order to prove a disability under this standard, Plaintiff may not merely rely on evidence of a medical diagnosis of an impairment. Rather,

-16-

Plaintiff must offer evidence that the extent of the limitation caused by his impairment in terms of his own experience is substantial.

With regard to the second prong of the test, the ADA requires that public entities provide meaningful access to their programs and services. Public entities must make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability. Accordingly, Plaintiff may meet his burden by establishing that Defendant breached his duty to provide a reasonable modification for him. Under the ADA, a reasonable modification may include furnishing appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity. To establish that Defendant had a duty to provide a reasonable modification, Plaintiff first must prove, by a preponderance of the evidence, that:

(1) Defendant had knowledge that Plaintiff was disabled, either because the disability was so obvious or because Plaintiff informed Defendant of the disability; and

(2) Defendant knew that Plaintiff's disability limited his ability to participate in or receive the benefits of the services of the detention center, either because Plaintiff's need for a modification was obvious, or because Plaintiff requested a modification.

Note that a detention center is not required to provide any modification that would result in a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burdens.

With regard to the third prong of the test, Plaintiff must establish that any exclusion, denial of benefits, or discrimination was because of Plaintiff's disability.

-17-

## INSTRUCTION NO. 12

Under New Mexico law, the tort of false imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that you have no lawful authority to do so. Plaintiff claims that Defendant Doña Ana County Detention Center committed the tort of false imprisonment by placing Plaintiff in administrative segregation without Plaintiff's meaningful consent and without reasonable justification.

In order to prevail on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant intentionally confined or restrained Plaintiff without his consent. If Plaintiff fails to meet his burden, your verdict on this claim should be for Defendant.

If, however, Plaintiff meets his burden, the burden shifts to Defendant to prove, by a preponderance of the evidence, that it had a good faith and reasonable belief in the lawfulness of its action.

If Defendant meets its burden of establishing a good faith defense, your verdict on this claim should be for Defendant. If, however, Defendant fails to meet its burden of establishing a good faith defense, your verdict on this claim should be for Plaintiff.

**INSTRUCTION NO. 13**

Under New Mexico law, the tort of negligent maintenance of a building allows for claims against governmental entities for damages based on the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.  Plaintiff claims that Defendant Doña Ana County Detention Center committed the tort of negligent maintenance of a building by housing the mentally ill in solitary confinement without medical oversight or periodic review.

In order to prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)     Defendant was negligent in operating or maintaining the jail building, its equipment, and/or its furnishings;

(2)     The negligent operation or maintenance made the premises of the jail more dangerous beyond the reasonable and expected risks of jail life; and

(3)     The negligent operation or maintenance was the proximate cause of Plaintiff's injury.

With regard to the first prong of the test, the term "negligence" may relate either to an act or a failure to act.  An act, to be "negligence," must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to himself or another and which such a person, in the exercise of ordinary care, would not do.  A failure to act, to be "negligence," must be a failure to do an act which one is under a duty to do and which a reasonably prudent person, in the exercise of ordinary care, would do in order to prevent injury to himself or another.

-19-

"Ordinary care" is that care which a reasonably prudent person would use in the conduct of the person's own affairs. What constitutes "ordinary care" varies with the nature of what is being done. As the risk of danger that should reasonably be foreseen increases, the amount of care required also increases. In deciding whether ordinary care has been used, the conduct in question must be considered in the light of all the surrounding circumstances.

Every person has a duty to exercise ordinary care for the safety of the person and the property of others.

With regard to the second prong of the test, the negligent operation or maintenance must create a dangerous condition that threatens either the general jail population or a class of detainees in the jail. It is not sufficient for Plaintiff to show that only a single detainee was put at risk. Rather, Plaintiff must show that Defendant's negligence resulted in a general condition of unreasonable risk, at least for an identifiable segment of the jail population.

With regard to the third prong of the test, "proximate cause" is defined in Instruction No. 14.

## INSTRUCTION NO. 14

An act or omission is a proximate cause of injury if it contributes to bringing about the injury, and if injury would not have occurred without it.  It need not be the only explanation for the injury, nor the reason that is nearest in time or place.  It is sufficient if it occurs in combination with some other reason to produce the result.  To be a proximate cause, the act or omission must be reasonably connected as a significant link to the injury.

## INSTRUCTION NO. 15

Although there is more than one defendant in this action, it does not follow from that fact alone that if one is liable another is liable.  Each defendant is entitled to a fair consideration of that defendant's own defense.  You will decide each defendant's case separately, as if each were a separate lawsuit.

## INSTRUCTION NO. 16

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**INSTRUCTION NO. 17**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.       Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.       Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.       Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.       Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 18

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

In considering the evidence, you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is indirect evidence that is proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. In other words, circumstantial evidence consists of proof of facts or circumstances that give rise to a reasonable inference of the truth of the fact sought to be proved.

The law makes no distinction between the weight you may give to direct or circumstantial evidence.

## INSTRUCTION NO. 19

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

-26-

## INSTRUCTION NO. 20

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witnesses.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

**INSTRUCTION NO. 21**

A medical witness may testify about statements concerning a person's medical history and condition that were made for purposes of diagnosis or treatment. Such statements are not evidence of their own truth, but they may be considered to show the information upon which the witness's diagnosis or medical opinion was based. To whatever extent the opinion of the witness is based upon such statements, you may consider the trustworthiness of the statements in determining the weight to be given to the witness's opinion.

## INSTRUCTION NO. 22

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field, known as an "expert witness," is permitted to state an opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he or she testifies regularly as an expert witness and his or her income from such testimony represents a significant portion of his or her income.

## INSTRUCTION NO. 23

If Plaintiff has proven one or more of his claims against a Defendant by the preponderance of the evidence, you must determine the damages to which Plaintiff is entitled.

You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether a Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that a Defendant is liable and that Plaintiff is entitled to recover money from a Defendant.

## INSTRUCTION NO. 24

If you find that a Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole - that is to compensate Plaintiff for the damage that Plaintiff has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of his injury. If Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a Defendant's conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by a Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

-31-

You may award compensatory damages for any of the following elements, to the extent you find them proved, by a preponderance of the evidence, to have resulted from a Defendant's wrongful conduct:

(1)     Any bodily injury that Plaintiff sustained and any pain and suffering, emotional distress, personal humiliation, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that Plaintiff experienced in the past or is reasonably likely to experience in the future. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in light of the evidence;

(2)     The nature, extent and duration of the injury;

(3)     Aggravation of a preexisting ailment, disease or physical defect, or activation of any such latent condition. If you find that there was such an aggravation, you should determine what portion of Plaintiff's condition resulted from the aggravation, and make allowance in your verdict only for the aggravation;

(4)     The reasonable expense of necessary medical care, treatment, and services received to date; and

(5)     The reasonable value of necessary non-medical expenses that have been required to date as a result of the injury.

Note that Plaintiff is not seeking compensation for the expense of any future medical care or medications.

-32-

## INSTRUCTION NO. 25

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find a Defendant is liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage he could have avoided through reasonable effort. If you find by a preponderance of the evidence that Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. A Defendant has the burden of proving the damages Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether a Defendant has satisfied its burden of proving that Plaintiff's conduct was not reasonable.

**INSTRUCTION NO. 26**

In this case, Plaintiff seeks to recover punitive damages from Defendant Barela on Plaintiff's constitutional claims against him, and from Defendant Zemek on Plaintiff's constitutional claims against him, as explained in Instruction Nos. 7 through 9. You may consider awarding punitive damages against Defendant Barela if you find for Plaintiff on one or more of Plaintiffs constitutional claims against him. Similarly, you may consider awarding punitive damages against Defendant Zemek if you find for Plaintiff on one or more of Plaintiffs constitutional claims against him.

The purpose of punitive damages is not to compensate Plaintiff, but rather to punish Defendant and to deter Defendant and others from committing similar acts in the future. Accordingly, in deciding whether to award punitive damages, your focus should be on whether Defendant's actions call for deterrence and punishment over and above that provided by any award of compensatory damages.

Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that Defendant's conduct was malicious, willful or with callous or reckless indifference to the safety or rights of others. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is willful or with callous or reckless indifference to the safety or rights of others if, under the circumstances, it reflects complete disregard to another's safety or rights, or if Defendant acts in the face of a perceived risk that its actions will violate another's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purpose but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of Defendant's conduct, the relationship of any award of punitive damages to any actual injury inflicted on Plaintiff, and the financial resources of Defendant.

## INSTRUCTION NO. 27

You must not award compensatory damages more than once for the same injury. For example, if Plaintiff prevails on two claims, and establishes a dollar amount for his injuries, you must not award Plaintiff any additional compensatory damages on each claim. Plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate Plaintiff fully for all of his injuries.

With respect to punitive damages, you may make separate awards on each constitutional claim that Plaintiff has established.

## INSTRUCTION NO. 28

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

The attitude and conduct of jurors at the beginning of their deliberations are very important. It is rarely helpful for a juror, on entering the jury room, to express an emphatic opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may be aroused, and one may hesitate to change a position even if shown that it is wrong. Remember that you are not partisans or advocates in this matter. You must be impartial judges of the facts.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

-37-

### INSTRUCTION NO. 29

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 30

Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

## INSTRUCTION NO. 31

A form of special verdict has been prepared for your convenience. You will take this form into the jury room.  **[Read special verdict form.]**

Please follow the directions on the special verdict form carefully.  The answer to each question on the special verdict form must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided below each question.  The foreperson will date and sign the completed special verdict form; and you will then return with it to the courtroom.